UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE PELTIER,

                Plaintiff,                        No. 10-CV-10796

vs.                                            Hon. Gerald E. Rosen

MACOMB COUNTY, MICHIGAN, et al.,

                Defendants.
_____/

ORDER DENYING PLAINTIFF'S
MOTION FOR A CONTINUANCE

   At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____

    PRESENT:   Honorable Gerald E. Rosen
                    United States District Chief Judge

This matter is presently before the Court on Christine Peltier's July 19, 2011 "Motion for Continuance." In this motion, Plaintiff asks that the Court refrain from ruling on the pending Report and Recommendation issued by the Magistrate Judge on March 25, 2011 for "at least 60 days," and allow her "further discovery" so that she may "establish controvert [sic] evidence as to material facts contained in Defendants' Summary Judgment Motion." The Court will deny Plaintiff's Motion for the following reasons.

Plaintiff filed her *pro se* Complaint in this matter on February 26, 2010. In her Complaint, Plaintiff claims that in suspending her for 15 days in January 2008 and then subsequently terminating her employment, Defendants violated the Family Medical

1

Leave Act (the "FMLA") and/or the Uniformed Services Employment and

Reemployment Rights Act of 1994 (the "USERRA").  The Scheduling Order set a four-

month period of discovery which was subsequently extended an additional 45 days.  The

Order Extending Scheduling Order Dates set August 23, 2010 as the discovery cut-off

date, *see* Dkt. # 16, thus, giving Plaintiff more than 5 ½ months to conduct discovery.

Pursuant to the Court's Order, after discovery closed, Defendants filed their

Motion for Summary Judgment on October 15, 2010.  On December 24th, Plaintiff filed

a 44-page Response to Defendants' Motion, to which she attached 41 exhibits.  No where

in her Response did Plaintiff argue that she needed further discovery to present facts to

justify her opposition to Defendants' Motion for Summary Judgment.

On March 25, 2011, the Magistrate Judge issued her Report and Recommendation

on the Motion for Summary Judgment.  The Court granted Plaintiff's *Ex-Parte* Motions

for additional time and for an extension of the page limits, and allowed Plaintiff to file

Objections totaling 40 pages in length.  Plaintiff filed her Objections on April 25, 2011.

Plaintiff thereafter was granted leave to Amend her Objections and her Amended

Objections were filed on May 2, 2011.  Defendants filed their Response to Plaintiff's

Objections on May 26th, and Plaintiff replied to that Response on June 9th thereby

concluding the post-R&R briefing.

Now, more than six weeks after all post-R&R briefing has been completed -- and

more than ***nine months*** after Defendants' Motion for Summary Judgment was filed --

Plaintiff comes before the Court seeking relief pursuant to Fed. R. Civ. P. 56(d),[1] and

asks that discovery be re-opened so that she can develop evidence to contradict the

material facts contained in Defendants' October 15, 2010 Motion for Summary

Judgment, upon which the Magistrate Judge ruled four months ago.

Fed. R. Civ. P. 56(d) provides:

If  a nonmovant shows by affidavit or declaration that, for specified reasons
that [she] cannot present facts essential to justify [her] opposition, the court
may:

(1)     defer considering the motion or deny it;
(2)     allow time to obtain affidavits or declarations or to take discovery;
        or
(3)     issue any other appropriate order.

However, the time for filing a Rule 56(d) motion was *before* the Report and

Recommendation was issued.  *See Hurd v. Garcia*, 2010 WL 3167392 at *3 (S.D. Cal.

2010).[2]  Where, as here, the plaintiff fails to invoke Rule 56(d) before the magistrate

judge, instead files his motion in the district court after the magistrate judge's report and

recommendation was filed, he waives any right to raise Rule 56(d) issues. *See Marshall*

---

[1]  Though Plaintiff claims to seek relief pursuant to Fed. R. Civ. P. 56(f), Rule 56
was revised in December 2010 and in the revised rule, subdivision (f) became
subdivision (d). The substantive provisions of the rule, however, were not substantially
changed.

[2]  *Hurd*, and the other pre-December 2010 authorities cited in this Opinion,
actually refer to Rule 56(f), but as noted *supra*, 56(f) became 56(d) after the December 1,
2010 revisions.  Notwithstanding that the cases refer to Rule 56(f), to avoid confusion,
the Court will refer to the rule applied and construed by the courts in the cited cases as
Rule 56(d).

*v. Chater*, 75 F.3d 1421, 1426 (10th Cir.1996).

Furthermore, even if a Rule 56(d) motion is timely and properly filed, relief is generally unavailable under the rule if the need for additional information is attributable to the party's own lack of diligence during the discovery period. *See Lunderstadt v. Colafella*, 885 F.2d 66, 71–72 (3d Cir. 1989); *Herbert v. Wickund*, 744 F.2d 218, 222 (1st Cir. 1984) ("Although a district court should generally apply Rule 56(f) [56(d)] liberally, the court need not employ the rule to spare litigants from their own lack of diligence." *Id.* (citations omitted)); *Spence & Green Chem. Co.*, 612 F.2d 896, 900 (5th Cir. 1980) (although the district court has the discretion to allow more discovery following a magistrate judge's report and recommendation, the court is also allowed to consider whether there were ample opportunities for parties to conduct discovery beforehand). *See also First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 294-99 (1968) (holding that a continuance of summary judgment need not be granted particularly when ample time and opportunities for discovery have already lapsed).

Moreover, Rule 56(d) does not permit a "fishing expedition," in which one party simply hopes to uncover some evidence that may help its case. *Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir.1997); *Wappler v. Bravard*, 2008 WL 434037 at *10 (W.D. Mich. 2008) (same).

Applying the foregoing authorities, the Court finds that Plaintiff is not entitled to Rule 56(d) relief. The time for Plaintiff to have done so is long past. Furthermore, as

indicated, Plaintiff filed a lengthy Response to Defendants' Motion for Summary

Judgment and nowhere in that Response did she ever indicate that she could not present

facts to justify her opposition because she needed more discovery.  Indeed, Plaintiff had

more than ample opportunity to conduct discovery during the extended five-and-a-half-

month long discovery period.  In fact, the Magistrate Judge permitted her to engage in

discovery beyond the motion cut-off -- she was permitted to take the depositions of the

two individual defendants several months after the discovery cut-off and after Defendants

filed their motion for summary judgment.[3]  The Magistrate Judge further ordered the

post-summary judgment production by Defendants of a number of documents Plaintiff

requested.  Plaintiff had the benefit of this extended discovery two months before filing

her Response Brief.

      For all of the foregoing reasons,

      IT IS HEREBY ORDERED that Plaintiff's Motion for a Continuance **[Dkt. # 96]**

is DENIED.


                s/Gerald E. Rosen
                Chief Judge, United States District Court

Dated:  August 2, 2011

---

   [3]  This first motion was subsequently stricken from the record as it was not in compliance with the requirements of Local Rule 7.1(d).  Defendants filed their corrected Motion two days after Plaintiff deposed the two individual defendants.

I hereby certify that a copy of the foregoing document was served upon counsel of record and plaintiff who is a registered e-filer on August 2, 2011, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager