UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE PELTIER,

        Plaintiff,                              No. 10-CV-10796

vs.                                           Hon. Gerald E. Rosen

MACOMB COUNTY, MICHIGAN,
et al.,

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION OF ORDER DENYING
PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL EVIDENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 30, 2011

PRESENT:   Honorable Gerald E. Rosen
                    United States District Chief Judge

      This matter is presently before this Court on Plaintiff's September 19, 2011 Motion for Reconsideration of the Court's September 2, 2011 Order denying Plaintiff's post-Report and Recommendation Motion for Leave to Submit Additional Evidence in response to Defendants' motion for summary judgment.

      The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(g), which provides in relevant part:

      Generally, and without restricting the court's discretion, the court will not

> grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on her motion for reconsideration, Plaintiff Peltier must not only demonstrate a palpable defect by which the Court has been misled, she must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g). *See also Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (denying a Fed. R. Civ. P. 59(e) motion to amend or alter judgment explaining that such motions "are not intended as a vehicle to relitigate previously considered issues" and "are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Id*. (internal quotation omitted)). Plaintiff's motion for reconsideration does just that -- it presents the same issues already ruled upon by the Court, either expressly or by reasonable implication.

Plaintiff does not claim that her proposed submission is evidence discovered since the issuance of the Magistrate Judge's Report and Recommendation, nor can Plaintiff

claim ignorance of the facts, issues or documents. As the Court previously observed, Plaintiff is well-versed in all aspects of this case. Based on the prior extensive proceedings, the evidence, issues, testimony and witnesses involved in this action are very well-known to Plaintiff. There is simply no legitimate excuse for Plaintiff's failure to timely present all her evidence to the Magistrate Judge.

A district court does not abuse its discretion in denying a motion to supplement the record with previously unsubmitted evidence based on the movant's lack of diligence. *See e.g., Nidds v. Schindler Elevator Co.*, 113 F.3d 912, 921 (9th Cir. 1996); *School Dist. No.1J v. AC and S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Farina v. Mission Investment Trust*, 615 F.2d 1068, 1075-76 (5th Cir. 1980) (district court did not abuse its discretion in refusing to allow a controverting affidavit to be filed after hearing on motion for summary judgment); *see also Taylor Acquisitions, LLC v. City of Taylor*, 313 Fed. Appx. 826, 835 (6th Cir. 2009); *Srinvasan v. Snow*, 211 Fed. Appx. 186 (4th Cir. 2006).

Plaintiff's failure to submit the evidence sooner purportedly because she was waiting for a ruling on her motion for oral argument is no excuse. As the Sixth Circuit has observed, the plain language of Rule 56 does not specifically require or even expressly authorize receipt of evidence in a hearing setting, "due to the well founded reluctance to turn a summary judgment hearing into a trial." *March v. Levine*, 249 F.3d 462, 473 (6th Cir. 2001) (citing 11 James Wm. Moore et al., Moore's Federal Practice § 56.15[1][a], at 56-200 to 56-201 (3d ed.2000)).

Plaintiff also states that she did not think the verbal and written reprimands

discussed by the Magistrate Judge were "critical issues" so she did not discuss them in great detail or submit evidence concerning them when she filed her response to the summary judgment motion and was surprised when the Magistrate Judge addressed them in her R&R. This belief is not borne out by the record: Plaintiff obviously thought the reprimands were important or she would not have specifically complained about them in her Complaint [*see* Complaint, ¶¶ 21, 22] and would not have attached them as Exhibits to the Complaint [*see* Complaint, Exhibits 5 and 6]; *see also* Plaintiff's Response Brief, Dkt. # 54, pp.15-16 and documents attached as Ex. K.

Furthermore, as previously stated by this Court, Plaintiff has had more than ample opportunity to submit evidence in support of her opposition to Defendants' Motion for Summary Judgment and, in fact, submitted several hundred pages of exhibits in support of her original response brief. Among the exhibits submitted were excerpts from the very same MERC hearing transcripts and depositions she seeks to submit now. Clearly, the other pages of the transcripts that Plaintiff now wants to submit were in her possession at the time she filed her response brief. That she elected then to pick-and-choose only certain excerpts from the transcripts to submit was her choice. In no way was she precluded from submitting <u>all</u> of the testimony from those proceedings.

The only other "evidence" Plaintiff seeks to submit is a copy of a brief submitted at her arbitration hearing. Not only has Plaintiff twice previously appended this brief as an exhibit to her filings [*see* Summary Judgment Response Brief, Dkt. # 54 Ex. BB;

4

Motion to Amend Reply Brief, Dkt. # 87, Ex. B], but more importantly, a brief is **not** evidence which can be considered pursuant to Fed. R. Civ. P. 56(c).  *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109-10 (3d Cir.1985); *MM Arizona Holdings LLC v. Bonanno,* 658 F. Supp. 2d 589, 595 (S.D.N.Y. 2009).

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of the Court's Order Denying her Leave to Submit Additional Evidence **[Dkt. # 102]** is DENIED.

                                    s/Gerald E. Rosen
                                    Chief Judge, United States District Court

Dated: September 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record and plaintiff who is a registered e-filer on October 3, 2011, by electronic mail.

                                    s/Ruth A. Gunther
                                    Case Manager