UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE PELTIER,

        Plaintiff,                  No. 10-CV-10796

vs.                                    Hon. Gerald E. Rosen

MACOMB COUNTY, MICHIGAN,
et al.,

        Defendants.
_____/

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING
PLAINTIFF'S COMPLAINT, WITH PREJUDICE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       September 30, 2011

PRESENT:   Honorable Gerald E. Rosen
                     United States District Chief Judge

I. INTRODUCTION

     This action for violation of the Family Medical Leave Act and the Uniformed Services Employment and Reemployment Rights Act is presently before the Court on the Report and Recommendation of United States Magistrate Judge Virginia M. Morgan recommending that the Court grant Defendants' Motion for Summary Judgment. Plaintiff has filed Objections to the Report and Recommendation and Defendants have responded. Having reviewed the Magistrate Judge's R&R, Plaintiff's Objections,

1

Defendants' Response, Plaintiff's Reply thereto, and the entire record of this matter the Court is now prepared to rule on this matter. This Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are set forth in detail in the Magistrate Judge's Report and Recommendation. The following is a brief summation of those facts.

Plaintiff Christine Peltier was employed for ten years -- 1998 to 2008 -- as a Youth Specialist at the Macomb Juvenile Justice Center (the "JJC"), a detention center for youths which requires staffing seven days a week, 24 hours a day. During the course of her employment at the JJC, Plaintiff had served as a union steward for UAW Local 889 from 2003 to 2005, and also served as Chairperson for UAW Local 889 JJC Unit. In her capacity as union chairperson, Ms. Peltier participated in negotiating two contracts and attended numerous *Loudermill*[1] hearings. Additionally, she was a member of the Army National Guard from 2002 until being honorably discharged from military service on January 23, 2008.

In 2006, Plaintiff gave birth to her son. As a result of her pregnancy and the birth, Ms. Peltier was given an FMLA leave without incident. However, beginning in April 2007, when her son was approximately one year old, Plaintiff began having attendance

---

[1] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985). The purpose of a *Loudermill* hearing is to provide an employee an opportunity to present his or her side of the story before the employer makes a decision regarding any potential discipline.

problems. According to Plaintiff, her son suffered from chronic asthma, and since she was a single parent, she needed to miss work to care for him. Upon the recommendation of her son's physician, she requested an "intermittent leave" under the FMLA to care for her son, depending on his medical needs. Plaintiff's request was granted for FMLA intermittent leave for the period of April 20, 2007 to October 20, 2007. Pursuant to the FMLA and, her union contract, and the JJC's staffing requirements, Plaintiff was required to call in to notify her employer using the JJC's standard call-in procedure when she was going to be taking any intermittent FMLA leave days off. The record establishes that Plaintiff was given all of her FMLA leave days off during this 6-month period for days when she called in for the stated purpose of caring for her son.

She was not, however, credited for FMLA leave time for days when she called in, or had someone else call in, saying she was "sick" or for days when she failed to call-in altogether. After several such incidents, Plaintiff was verbally reprimanded Then on September 17, 2007, she was issued a written reprimand for "excessive absences" pointing out that in a three-month period she had accumulated ten days of unexcused absences for which she had not provided the JJC with any medical excuses.

As indicated above, during this same period of time, Plaintiff was also a member of the Army National Guard, and accordingly was required to attend scheduled training. During this period, Plaintiff was scheduled for two-week national guard training August 13-31, 2007. On August 12, 2007, Plaintiff called in and said she would not be in for

work, but that it was not because of her son. She also said that she would not be in for the next three weeks as she would be on military training. It is undisputed, however, that Plaintiff did not fulfill her military obligations by attending training from August 13 to August 31, and she did not report to work at the JJC during that time period, either. After Plaintiff's unit commander confirmed to the JJC that Plaintiff had not completed her military obligations August 13-31, Plaintiff was issued a 15-day suspension for misleading her employer.

Notwithstanding having received a verbal reprimand, a written reprimand, and a 15-day suspension, Plaintiff's attendance did not improve. On January 31, 2008, Plaintiff called in saying only that she would not be in to work, without giving a reason. She was also absent from work, tardy, or left early on February 1, 5, 7-11, 17, 24, 27-29, and March 3-4 and 6-10. As indicated, as of January 31, 2008, Plaintiff had already been discharged from her military service and her FMLA intermittent leave had long expired. On March 10, 2008, Plaintiff was sent a letter advising her that she was required to submit medical documentation to support her absences from February 27 to March 10. Plaintiff failed to submit the documentation and did not return to work thereafter. Plaintiff was notified that because of her excessive absenteeism, the County was considering disciplinary action up to and including discharge, and advised that a *Loudermill* hearing was scheduled on March 18, 2008 to give her an opportunity to respond. Plaintiff waived her right to a hearing by letter dated March 17, 2008.

On March 19, 2008, Plaintiff was discharged. The reasons given were excessive and unexcused absences.

Following her termination, Plaintiff grieved her suspension and discharge. The grievances were arbitrated. An arbitration hearing was held during which Plaintiff, through counsel, presented testimony and called witnesses. On March 25, 2010, the arbitrator found in favor of Defendants. Plaintiff subsequently brought an action before the Michigan Employment Relations Commission ("MERC") claiming that her suspension and discharge were due to her union involvement.[2]

Simultaneously, Plaintiff, acting *pro se*, filed the instant action claiming that in disciplining her and in terminating her employment, Defendants violated the Family Medical Leave Act (the "FMLA") and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). The matter was referred to Magistrate Judge Donald A. Scheer, who, upon his retirement, was succeeded by Magistrate Judge Virginia M. Morgan, for all pretrial purposes.

On October 15, 2010, Defendants filed a motion for summary judgment. After having been granted extensions of time, on December 24, 2010, Plaintiff responded to Defendants' motion. Defendants thereafter replied on January 13, 2011. On March 25, 2011, Magistrate Judge Morgan issued a Report and Recommendation recommending that Defendants' motion for summary judgment be granted.

---

[2] The outcome of the MERC proceedings is not known.

Plaintiff was granted an extension of the deadline to object to the R&R, and on April 25, 2011, Plaintiff filed her Objections. Defendants responded to those objections and on June 9, 2011, Plaintiff replied.

Having reviewed Defendants' Motion, the parties' briefs and supporting evidence, the Magistrate Judge's R&R and the entire record of this matter, the Court concurs in the Magistrate Judge's Report and Recommendation and overrules Plaintiff's Objections.

## II.  DISCUSSION

The Magistrate Judge determined that Plaintiff had failed to produce a genuine issue of disputed fact that would support her claims. Contrary to Plaintiff's assertions, the Magistrate Judge applied the proper standard for summary judgment and the proper standards for evaluating Plaintiff's FMLA and USERRA claims. Plaintiff also takes issue with numerous "facts" she presented which were not discussed in the Report and Recommendation which she contends are disputed. However, not every dispute of fact precludes summary judgment. Fed. R. Civ. P. 56 only precludes summary judgment if there is genuine issue of *material* fact.

Plaintiff also objects to the R&R because the Magistrate Judge relied upon exhibits and evidence she (Plaintiff) submitted, suggesting that only exhibits and evidence appended to Defendants' motion and briefs should have been considered. Again, Plaintiff is mistaken; it is the *record, as a whole* -- not just evidence submitted by the movant -- that the court is to consider in deciding a motion for summary judgment.

*See Matsushita Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) ("The inquiry is whether the *record, as a whole*, could lead a rational [jury] to find in favor of the nonmovant." (Emphasis added).)

Plaintiff also argues that evidence relied upon by the Magistrate Judge should not have been believed for various reasons. For example, Plaintiff contends that the Magistrate Judge should not have relied upon the attendance slips containing the information of what reason she gave for her absences when she called in to advise her employer that she would not be in because they are "ambiguous." The Court find nothing "ambiguous" in the attendance slips, and there is no testimony or other evidence in the record suggesting that they may be viewed as such. Plaintiff actually takes two directly contradictory positions with regard to the attendance slips -- on the one hand, she relies on the attendance slips when they appear to support her position but contends the slips are ambiguous when contrary to her position. Indeed, Plaintiff herself testified at the MERC hearings that all of the attendance slips were accurate and that she had nothing to add to what they said.

To the extent that Plaintiff is arguing that "everyone knew" about her problems regarding her son's condition and, therefore, attendance slips that simply note "sick" or "no show" should have been considered FMLA absences, the courts have rejected such arguments. *See e.g., Walton v. Ford Motor Co.,* 424 F.3d 481, 487 (6th Cir. 2005) (employee calling in saying only that he is "sick" or "taking a sick day" insufficient);

*Collins v. NTN-Bower Corp.*, 272 f.3d 1006, 1008 (7th Cir. 2001) ("Sick" does not imply an FMLA covered "serious health condition"); *Sutterfield v. Wal-Mart Stores, Inc.*, 135 F.3d 973, 981-82 (same).  Indeed, the record evidence shows that the JJC did not demand much of Plaintiff with regard to her call-ins as the JJC treated all days that Plaintiff identified as relating in some manner to the care of her son as FMLA time.  Personal sick time, as indicated above, does not, in any event, qualify as FMLA time under the law.

As for Plaintiff's objections regarding the Magistrate Judge's determination that she failed to make out *all* of the requisite elements of an FMLA or USERRA claim, Plaintiff merely is disputing the law.  Her reliance on state court decisions and non-controlling decisions of district courts outside of the Sixth Circuit is misplaced, particularly in light of controlling Sixth Circuit law directly on point.  On the whole, Plaintiff's Objections are conclusory and conjectural, and entirely without legal support.

In sum, the Court finds that the Magistrate Judge thoroughly analyzed the record and Plaintiff's opposing arguments and correctly applied the law in concluding that Plaintiff failed to demonstrate a material issue of disputed fact which would preclude entry of summary judgment in favor of Defendants.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of March 25, 2011 **[Dkt. # 63]** is adopted by the Court.

IT IS FURTHER ORDERED that, for the reasons stated in the Magistrate Judge's


Report and Recommendation, Defendants' Motion for Summary Judgment **[Dkt. # 44]** is GRANTED. Accordingly,

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED, in its entirety, with prejudice.

Let Judgment be entered accordingly.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: September 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record and on plaintiff who is a registered e-filer on October 3, 2011, by electronic mail.

s/Ruth A. Gunther
Case Manager