UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE PELTIER,

        Plaintiff,                      No. 10-CV-10796

vs.                                         Hon. Gerald E. Rosen

MACOMB COUNTY, MICHIGAN,
et al.,

        Defendants.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO
AMEND HER MOTION FOR CLARIFICATION OR RECONSIDERATION,
AND ORDER DENYING THE AMENDED MOTION

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on          November 1, 2011

        PRESENT:    Honorable Gerald E. Rosen
                                  United States District Chief Judge

This matter is presently before the Court on Plaintiff's October 24, 2011 Motion for Leave to Amend her previously-filed Motion [Dkt. # 109] for Clarification or, in the alternative, Reconsideration of the Court's Order Granting Defendants' Motion for Summary Judgment [Dkt. # 110] and her Amended Motion for Clarification or Reconsideration [Dkt. # 110-1].

The Court hereby GRANTS Plaintiff's Motion to Amend and accepts as filed the proposed Amended Motion for Clarification or Reconsideration attached as an exhibit to

1

the Motion to Amend. Accordingly, the Court will proceed with deciding the Motion for Reconsideration, as amended.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(g), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on her motion for reconsideration, Plaintiff Peltier must not only demonstrate a palpable defect by which the Court has been misled, she must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g). *See also Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (denying a Fed. R. Civ. P. 59(e) motion to amend or alter judgment explaining that such motions "are not intended as a vehicle to relitigate previously considered issues" and "are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Id*.

(internal quotation omitted)). Plaintiff's motion for reconsideration does just that -- it presents the same issues already ruled upon by the Court, either expressly or by reasonable implication.

Plaintiff contends that the Court has not specifically made a ruling on her FMLA interference claim with regard to the failure of her former employer to process her leave timely and the lack of FMLA posting and proper policy and procedures when handling leave requests. Plaintiff obviously chooses to ignore the fact that the Court *adopted* the Magistrate Judge's Report and Recommendation and the R&R contained a specific ruling regarding these alleged FMLA procedural defects. See R&R pp. 22-24.

With regard to her FMLA retaliation claim, Plaintiff contends that the Magistrate Judge was not permitted to consider evidence submitted by Defendants with their Reply Brief without affording her an opportunity to rebut that evidence. The evidence submitted by Defendants with their Reply Brief consisted of a few pages from the transcript of Plaintiff's MERC hearing. This was not new evidence. The transcripts were in Plaintiff's possession before the motion for summary judgment was filed, and, in fact, Plaintiff herself submitted excerpts from those very transcripts in support of her Response to the summary judgment motion. *See* Plaintiff's Response Brief, Dkt. # 54-55, Exhibits I and L. *See also* Dkt. # 89, Exhibits B and D. Plaintiff raised the issue of the verbal reprimand in her response and, therefore, Defendants properly replied to Plaintiff's response by submitting evidence rebutting her arguments. Plaintiff has no right to sur-rebuttal, particularly when she did not move to strike the reply brief when it

3

was filed and did not seek leave to file a sur-reply brief or to submit sur-rebuttal evidence within a reasonable time thereafter. *See Applied Energy Technologies, Inc. v. Solar Liberty Energy Systems, Inc.*, 2009 WL 3757072 (E.D. Mich. 2009) (discussing *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481-82 (6th Cir. 2003), and finding that pursuant to the *Seay* court's analysis, the only logical extension of former Fed. R. Civ. P. 56(c)'s requirement that an adverse party receive 10 days notice before entry of summary judgment[1] was that the non-movant be afforded the same 10 days prior to entry of summary judgment to respond to new evidence submitted for the first time in a reply brief). Plaintiff here did not seek leave to submit evidence to rebut the reply evidence until June 20, 2011 -- nearly *six months* after Defendants filed their Reply Brief and three months after the Magistrate Judge issued her Report and Recommendation. In any event, as discussed above the evidence Defendants relied upon was not new evidence never before seen by Plaintiff. To the contrary, it was evidence Plaintiff herself has relied upon during the course of these proceedings and on which she herself elicited testimony at her MERC hearing.

Plaintiff also argues that the attendance notices relied upon by Defendants had no attached testimony or sworn affidavit and, therefore, it was improper for Defendants to use this evidence in support of their legitimate reason for their actions and improper for the Court to have considered this evidence in granting summary judgment. Plaintiff is

---

[1] Fed. R. Civ. P. 56(c) was amended in December 1, 2009 and the amendment eliminated the 10-day notice requirement.

mistaken.

At the summary judgment stage, all that is required is that evidence be capable of being presented at trial in an admissible form. *See Celotex v. Cattrett*, 477 U.S. 317, 324 (1986) (explaining that in requiring the nonmoving party to produce evidence to withstand a motion for summary judgment, "[w]e do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial"); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003), *cert. denied*, 541 U.S. 937 (2004) ("At the summary judgment stage we do not focus on the admissibility of the evidence's form.")

The majority of circuits interpret *Celotex* to permit consideration of evidence submitted at summary judgment in non-admissible form when the evidence "will be reduced to admissible form at trial." *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir.1996)(allowing otherwise admissible evidence to be submitted in inadmissible form at the summary judgment stage, though at trial it must be submitted in admissible form). *See also Gleklen v. Democratic Cong. Campaign Comm., Inc*., 199 F.3d 1365, 1369 (D.C. Cir. 2000); *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3rd Cir. 1990), *cert. denied*, 499 U.S. 921 (1991); *cf., Garside v. Osco Drug, Inc*., 895 F.2d 46, 50 (1st Cir.1990). Thus, the focus is on the contents of attendance notices. All that is required for the Court to consider the notices contents in deciding Defendants' summary judgment motion is that the contents of the notices be capable of being presented in an admissible form at trial. *Fraser v. Goodale, supra*, 342 F.3d at 1037. The notices at

issue are all signed by shift supervisors at the JJC. If this case were to go to trial, the supervisors could testify as to their contents. The contents of the notices, therefore, are capable of being submitted in an admissible form at trial. Therefore, it was proper for the Magistrate Judge and this Court to have considered the notices in deciding Defendants' motion for summary judgment.

The remainder of Plaintiff's Motion is merely a re-hashing of arguments Plaintiff made previously and a recitation of her disagreement with the law which provides no basis for a motion for reconsideration.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend her Motion for Clarification or Reconsideration **[Dkt. # 110]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Clarification or Reconsideration **[Dkt. # 109]** and her Amended Motion for Clarification or Reconsideration **[Dkt. # 110-1]** are DENIED.

                                              s/Gerald E. Rosen
                                              Chief Judge, United States District Court

Dated: November 1, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record and plaintiff who is a registered e-filer on November 1, 2011, by electronic mail.

                                              s/Ruth A. Gunther
                                              Case Manager